## Jones v. City of Wilkes-Barre et al.

*E. F. McGovern*, for petitioner.
*Edwin B. Morgan*, contra.

VALENTINE, J., March 23, 1936. — On application of the plaintiff a writ of alternative mandamus was awarded directed to the Superintendent of the Department of Health, the Controller and the Treasurer of the City of Wilkes-Barre, commanding those officials respectively to present, approve, and pay a voucher in favor of the plaintiff for $78.75, representing the salary claimed by him for the period of two weeks from January 1 to January 15, 1936. A return to said writ was made by the defendants and, after issue had been joined by the filing of a replication, the case was referred to the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109. The parties have agreed upon the following facts:

1. Plaintiff, Ivor Jones, was appointed an inspector of the Health Department of the City of Wilkes-Barre by the council thereof on May 15, 1923.

2. Plaintiff has continuously and without any lapse served in said capacity since said May 15, 1923, to January 6, 1936.

3. The Council of the City of Wilkes-Barre, on January 6, 1936, elected another appointee or employe to serve as inspector of the health department in the place

and stead of plaintiff, although no charges had been preferred against him nor had a hearing been given him.

4. Plaintiff, on January 7, 1936, and since then to the present time, has reported each day in the customary manner to the proper officials to perform the duties of inspector of the health department, but each day he has been informed by the said officials that there were no duties for him to perform.

5. On January 20, 1936, plaintiff was tendered the sum of $31.50 by the City of Wilkes-Barre, said sum representing wages for the period from January 1, 1936, to January 6, 1936, inclusive.

6. Plaintiff refused the said sum of $31.50 and demanded the sum of $78.75, as wages for the period from January 1, 1936, to January 15, 1936, which sum was refused him.

7. Plaintiff insists, and has always insisted, that the city council is without authority or right to replace him with another appointee or employe in said position of inspector of health without preferring charges against him and granting him a hearing, as required by the civil service laws now applicable to third class cities.

It is further agreed between counsel that the sole question arising in this case is whether or not, under the above facts, the city council may summarily remove the plaintiff by electing another in his place as inspector in the department of health.

### Discussion

It is the contention of the plaintiff that, as he was appointed to the position of inspector of health prior to the passage of the acts providing for the creation of a civil service board to examine such applicants, he can only be removed in the manner designated in said acts. He was engaged in 1923. At that time no law required a civil service examination of persons engaged as health inspectors. Such examination was first provided for by the Act of April 7, 1927, P. L. 150, which extended the

provisions of the Act of May 3, 1917, P. L. 138, to health officers and inspectors of the health department. We think it clear that the provisions of section 5 of the Act of May 3, 1917, supra, as amended by the Act of April 7, 1927, supra, and as reënacted in section 4407 of The Third Class City Law of June 23, 1931, P. L. 932, prevented plaintiff's removal except in the manner provided for in section 4408.

### Conclusion of law

Judgment should be entered in favor of the plaintiff.

### Order

Now, March 23, 1936, the prothonotary is directed to notify the parties that if exceptions are not filed within 30 days judgment will be entered in favor of the plaintiff together with costs, and that a peremptory writ of mandamus will be issued to the defendant officials commanding the defendant, Thomas E. Williams, councilman, to present to the defendant, William E. Murphy, city controller, a voucher in the sum of $78.75 in favor of the plaintiff, and commanding the said William E. Murphy, as city controller, to approve and countersign said voucher, and commanding Fred Goeringer, Jr., city treasurer, to pay the same.

From Frank P. Slattery, Wilkes-Barre.